| Fill in this information to identify the case: |
| --- |

Debtor 1 <u>Niovis Janet Pereira</u>
        <u>aka Niovis Pereira</u>
        <u>aka Niovis J. Pereira</u>

Debtor 2 _____

(Spouse, if filing)

United States Bankruptcy Court for the <u>SOUTHERN</u> District of <u>FLORIDA</u>

Case number <u>18-24054-RAM</u>

## Official Form 410S1

# Notice of Mortgage Payment Change      12/15

**If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due.** See Bankruptcy Rule 3002.1.

**Name of creditor:** <u>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2004-1, ASSET-BACKED CERTIFICATES, SERIES 2004-1</u>

**Court claim no.** (if known): <u>3</u>

**Last 4 digits** of any number you use to identify the debtor's account: <u>1683</u>

**Date of payment change:** <u>8/1/2019</u>
Must be at least 21 days after date of this notice

**New total payment:** <u>$1,351.76</u>
Principal, interest, and escrow, if any

| Part 1: | Escrow Account Payment Adjustment |
| --- | --- |

1. **Will there be a change in the debtor's escrow account payment?**

☐ No.
■ Yes.   Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why:
_____
_____

Current escrow payment: <u>$432.98</u>      New escrow payment: <u>$499.90</u>

| Part 2: | Mortgage Payment Adjustment |
| --- | --- |

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

■ No
☐ Yes.   Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why:
_____
_____

Current interest rate:                New interest rate:

Current principal and interest payment:     New principal and interest payment:

| Part 3: | Other Payment Change |
| --- | --- |

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**

■ No
☐ Yes   Attach a copy of any document describing the basis for the change, such as a repayment plan or loan modification agreement. *(Court approval may be required before the payment change can take effect.)*

Reason for change: _____

Current mortgage payment         New mortgage payment:

Debtor 1 <u>Niovis Janet Pereira</u>                                    Case number *(if known)* <u>18-24054-RAM</u>
          <u>aka Niovis Pereira</u>
          <u>aka Niovis J. Pereira</u>
          Print Name          Middle Name          Last Name

| Part 4: | Sign Here |
|---|---|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor

■ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✖ <u>/s/ Keith Labell</u>                    Date <u>July 8, 2019</u>
Signature

Print      <u>Keith Labell</u>                                    Title    <u>Authorized Agent for Creditor</u>
           First Name          Middle Name          Last Name

Company    <u>Robertson, Anschutz & Schneid, P.L.</u>

Address    <u>6409 Congress Ave., Suite 100</u>
           Number    Street

           <u>Boca Raton  FL 33487</u>
           City                              State          ZIP Code

Contact Phone <u>470-321-7112</u>                      Email  <u>klabell@rasflaw.com</u>

Official Form 410S1              **Notice of Mortgage Payment Change**              page 2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on _____ July 9, 2019 _____,

I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a true and correct copy has

been served via CM/ECF or United States Mail to the following parties:


ROBERT SANCHEZ, ESQ
355 W 49 ST.
HIALEAH, FL 33012

NANCY K. NEIDICH
POB 279806
MIRAMAR, FL 33027

U.S. TRUSTEE
OFFICE OF THE US TRUSTEE
51 S.W. 1ST AVE.
SUITE 1204
MIAMI, FL 33130

NIOVIS JANET PEREIRA
531 W 38TH PLACE
HIALEAH, FL 33012-4229


<div style="margin-left:50%">

Robertson, Anschutz & Schneid, P.L.
Authorized Agent for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 470-321-7112
Facsimile: 561-997-6909


By: /s/ Dena Eaves _____
    Dena Eaves
    deaves@rascrane.com

</div>

**PHH**

**MORTGAGE**

PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054-5452

# Your annual escrow statement
**June 27, 2019**

| | |
|---|---|
| Loan number: ███████ | |

**Questions?**

**Visit us at**
**www.MortgageQuestions.com**
**Call toll free** 1-877-744-2506
**Fax** 1-856-917-8300

NIOVIS JANET PEREIRA
531 W 38TH PL
HIALEAH, FL 33012-4229

## Why am I getting this statement?

In accordance with federal guidelines your escrow account is reviewed at least one time per year; however, certain circumstances may require an additional review. This statement is a result of that review known as an escrow analysis statement, which determines if sufficient funds are available to pay your taxes and/or insurance. This statement is a projection of your escrow account and may also include a history of the escrow activity on your loan since the time you last received an escrow analysis statement. The enclosed update follows notice of the account's involvement in a bankruptcy petition, filed on November 12, 2018 under chapter 13 of the Bankruptcy Code. This statement should be reviewed carefully. The mortgage payment may be affected. Please contact us at the number above if this account is not part of a Chapter 13 proceeding or plan. If this account has filed for any other Bankruptcy protection or received an Order of Discharge in a Chapter 7 bankruptcy case, or received any other discharge under the U.S. Bankruptcy Code that applied to the referenced property, please be advised that this Notice is for information purposes only and not intended as an attempt to collect a debt against you personally.

## What does this mean to me?

Because your escrow account is projected to have less money than is needed, there is a shortage of **$2,409.16**.

**Option 1)** Do Nothing: The monthly shortage for the next 36 months is **$66.92** and will automatically be added to your monthly payment beginning **August 2019**. Your new monthly payment for **August 2019** will be **$1,351.76**.

**Option 2)** Pay the escrow shortage as a lump sum using the attached shortage coupon. If you pay your escrow shortage by **July 20, 2019**, then your new monthly payment will be **$1,284.84** effective with your **August 2019** mortgage payment.

## What is a shortage?

A shortage is the difference between the **anticipated** escrow balance and the **required** escrow balance at the beginning of the analysis cycle. A shortage typically results from changes in taxes and/or insurance. Please refer to the enclosed FAQ for additional information.

| | |
|---|---|
| **Anticipated** escrow account balance (as of July 31, 2019): | -$ 677.20 |
| **Required** escrow account balance (as of July 31, 2019 ): | $1,731.96 |
| **Difference resulting in an escrow account shortage:** | **$2,409.16** |

See reverse ➔

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.

*Tear off here*

Page 1 of 3

# Escrow analysis Coupon

Borrower Name: NIOVIS JANET PEREIRA

Loan Number: ███████

**Shortage Amount: $2,409.16**

Make the check payable to **PHH Mortgage Services** and mail it with this coupon in the envelope provided. Your lump sum payment must be received by **July 20, 2019** to be effective with your **August 2019** payment.

PHH Mortgage Services
PO BOX 371867
PITTSBURGH, PA 15250-7867

You may also pay your shortage online by visiting the website shown at the top of this statement.

**What is my new monthly payment?**

The following table reflects your current monthly payment and new monthly payment for each option:

| | Current Payment | New Payment with Shortage - Opt 1 | New Payment without Shortage - Opt 2 |
|---|---|---|---|
| Principal & Interest | $851.86 | $851.86 | $851.86 |
| Escrow Deposit | $401.39 | $432.98 | $432.98 |
| Escrow Shortage | | $66.92 | |
| **Total Payment** | **$1,253.25** | **$1,351.76** | **$1,284.84** |

*If your payment is issued by a third party, or if you make payments through a bill pay service, then please make sure your new total monthly payment amount is updated with your service provider.*

**Payment Change Breakdown**

Below are the escrow items we anticipate collecting for and paying on your behalf over the next 12 months. To calculate your new monthly escrow payment of $432.98, we added up the actual or estimated tax and insurance payments for the next 12 months beginning with the August 2019 payment and divided the total by 12. Included for the comparison are the Annual Payments we projected to pay during the **last analysis cycle**, as displayed in detail in the history portion of the escrow analysis statement.

| Description | Current Annual Payment* | Projected Annual Payment | |
|---|---|---|---|
| Taxes | | $1,673.80 | *The first time your loan is reviewed under the aggregate analysis method, current payment information is not available. It will appear on future statements. |
| Insurance | | $3,522.00 | |
| **TOTAL** | | **$5,195.80** | |

## Prior Year Account History and Coming Year Projections

**This statement itemizes your actual escrow account transactions since your previous analysis statement or initial disclosure and projects payments, disbursements and balances for the coming year.** The projections from your previous escrow analysis are included with the actual payments and disbursements for the prior year. By comparing the actual escrow payment with the previous projections listed, you can determine where a difference may have occurred. When applicable, the letter "E" beside an amount indicates that a payment or disbursement has not yet occurred but is estimated to occur as shown. An asterisk (*) beside an amount indicates a difference from projected activity either in the amount or date.

Projections are included to ensure sufficient funds are available to pay your taxes and/or insurance for the coming year. Under Federal Law (RESPA) the lowest monthly balance in your escrow account should be no less than $865.96 or 1/6th of the total annual projected disbursement from your escrow account, unless your mortgage documents or state law specifies otherwise.

Your projected anticipated lowest account balance of $1,543.20- will be reached in May 2020. When subtracted from your minimum required balance of $865.96, an Escrow Shortage results in the amount of $2,409.16. These amounts are indicated with **LP**. You will receive an Annual Escrow Account Disclosure Statement reflecting the actual disbursements at the end of the next escrow analysis cycle. However, you should keep this statement for your own records for comparison. If you have any questions about this statement, please call our Customer Service Department toll free at **1-877-744-2506**.

When you provide a check as payment, you authorize us either to use the information from your check to make a one-time electronic fund transfer from your account, or to process the payment as a check transaction   When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution   If you do not want us to use the information from your check to make a one time electronic funds transfer or if you have any questions, please call us at the phone number shown on the front of this statement

**Change of name or address**

If your contact information has changed, please give us the new information below.





PHH Mortgage Services
P.O. Box 5452
Mt. Laurel, NJ 08054-5452

# Your annual escrow statement (continued)
**June 27, 2019**

NIOVIS JANET PEREIRA
531 W 38TH PL
HIALEAH, FL  33012-4229

Loan number:

**Questions?**

**Visit us at**
www.MortgageQuestions.com
**Call toll free** 1-877-744-2506
**Fax** 1-856-917-8300

## Escrow account projections for the coming year

| Date | Description | Anticipated amounts paid into your escrow account ($) | Anticipated amounts paid out of your escrow account ($) | Anticipated escrow account balance ($) | Required escrow account balance ($) |
|---|---|---|---|---|---|
| | **Opening balance** | | | - 677.20 | 1,731.96 |
| Aug 2019 | | 432.98 | | 244.22 | 2,164.94 |
| Sep 2019 | | 432.98 | | 188.76 | 2,597.92 |
| Oct 2019 | | 432.98 | | 621.74 | 3,030.90 |
| Nov 2019 | COUNTY TAX | 432.98 | 1,673.80 | 619.08 | 1,790.08 |
| Dec 2019 | | 432.98 | | 186.10 | 2,223.06 |
| Jan 2020 | | 432.98 | | 246.88 | 2,656.04 |
| Feb 2020 | | 432.98 | | 679.86 | 3,089.02 |
| Mar 2020 | | 432.98 | | 1,112.84 | 3,522.00 |
| Apr 2020 | | 432.98 | | 1,545.82 | 3,954.98 |
| May 2020 | HAZARD INS. | 432.98 | 3,522.00 | 1,543.20 | 865.96 **LP** |
| Jun 2020 | | 432.98 | | 1,110.22 | 1,298.94 |
| Jul 2020 | | 432.98 | | 677.24 | 1,731.92 |
| **Total** | | **$5,195.76** | **$5,195.80** | | |

**LP**  indicates your required escrow lowest balance

## Escrow Account History

The first time your loan is reviewed under the aggregate analysis method, a side
by side comparison history is not available.  It will appear on future statements.

FILED

MAY 31 2019

STATE TREASURER

# CERTIFICATE OF MERGER

## OF

## OCWEN LOAN SERVICING, LLC
### (a Delaware limited liability company)

## WITH AND INTO

## PHH MORTGAGE CORPORATION
### (a New Jersey corporation)

Pursuant to Section 14A of the New Jersey Business Corporation Act, the domestic business corporation and the other business entity hereinafter named do hereby submit the following Certificate of Merger.

1.      The names of the parties to the merger herein certified (the "*Merger*") are PHH Mortgage Corporation, a corporation organized and existing under the laws of the State of New Jersey (the "*Company*"), and Ocwen Loan Servicing, LLC, a limited liability company formed and existing under the laws of the State of Delaware (the "*Merging Entity*").

2.      Annexed hereto and made a part hereof is the Agreement and Plan of Merger, dated May 2, 2019, between the Company and the Merging Entity for merging the Merging Entity with and into the Company, with the Company as the surviving corporation, as approved by the Board of Directors and the sole shareholder of the Company and the Board of Managers of the Merging Entity.

3.      The name of the surviving corporation shall be PHH Mortgage Corporation.

4.      The Certificate of Incorporation of the Company, which is the surviving corporation, shall continue in full force and effect as the Certificate of Incorporation of the surviving corporation.

5.      The number of shares of the Company entitled to vote at the time of the approval of the Agreement and Plan of Merger by its sole shareholder was 1,000, all of which were of one class. On May 1, 2019, the Company's sole shareholder approved the Agreement and Plan of Merger pursuant to a written consent.

6.      On February 11, 2019, the Board of Managers of the Merging Entity approved the Agreement and Plan of Merger pursuant to a written consent.

7.      The applicable provisions of the laws of the jurisdiction of formation of the Merging Entity relating to the merger of the Merging Entity with and into the Company will have been complied with upon compliance with any of the filing and recording requirements thereof.

8.      The Company will continue its existence as the surviving corporation under its present name pursuant to the provisions of the laws of its jurisdiction of organization.

9.      The effective date of the merger herein provided for in the State of New Jersey shall be 12:01 a.m. Eastern Time on June 1, 2019.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned have executed and acknowledged this Certificate of Merger as of May __30__, 2019.

**OCWEN LOAN SERVICING, LLC**

By: _____
Name: Arthur C. Walker, Jr.
Title:   Senior Vice President

**PHH MORTGAGE CORPORATION**

By: _____
Name:  Alberino Celini
Title:    Vice President

*[ Signature Page to Certificate of Merger – Owen Loan Servicing, LLC ]*

## Annex A

### Agreement and Plan of Merger

[See attached.]

*Execution Version*

## AGREEMENT AND PLAN OF MERGER

THIS AGREEMENT AND PLAN OF MERGER (the "*Merger Agreement*") is entered into as of May 2, 2019 by and between Ocwen Loan Servicing, LLC, a Delaware limited liability company ("*OLS*"), and PHH Mortgage Corporation, a New Jersey corporation ("*PMC*"). OLS and PMC are collectively referred to herein as the "*Parties*" and each, individually, as a "*Party*."

### WITNESSETH:

WHEREAS, OLS is a limited liability company duly organized and existing under the laws of the State of Delaware;

WHEREAS, PMC is a corporation duly organized and existing under the laws of the State of New Jersey;

WHEREAS, the Board of Managers of OLS and the Board of Directors of PMC have each determined that it is advisable and in the best interests of said entities and their respective member and stockholder that OLS merge with and into PMC, with PMC as the surviving entity (the "*Merger*"), upon the terms and conditions of this Merger Agreement; and

WHEREAS, the Parties have both adopted the OMS-PMC Plan of Reorganization and intend for this Merger to occur pursuant to the overall Transactions laid out in the OMS-PMC Plan of Reorganization, that, when taken together, are intended to be and will be treated as a tax-free reorganization under section 368(a)(1) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.

NOW, THEREFORE, BE IT RESOLVED, in consideration of the mutual agreements and covenants set forth herein, OLS and PMC hereby agree as follows:

1.    Authorization.  The execution and delivery of this Merger Agreement by OLS and the consummation by OLS of the transactions contemplated hereby have been authorized and approved by the Board of Managers of OLS, and the execution and delivery of this Merger Agreement by PMC and the consummation by PMC of the transactions contemplated hereby have been authorized and approved by each of the Board of Directors of PMC and by the sole stockholder of PMC.

2.    The Merger.  The effective time (the "*Effective Time*") of the Merger shall be the later of (A) 12:01 a.m. Eastern Time on June 1, 2019, or (B) upon the filing of the applicable Certificate of Merger with the Secretary of State of the State of Delaware and the applicable Certificate of Merger with the New Jersey Division of Revenue. At the Effective Time, OLS shall, pursuant to the New Jersey Business Corporation Act and the Delaware Limited Liability Company Act, be merged with and into PMC and PMC shall be the surviving corporation (and shall sometimes hereinafter be referred to as the "surviving corporation") and shall continue to exist as said surviving corporation under its present name pursuant to the provisions of the New Jersey Business Corporation Act. From and after the Effective Time, all real and personal property, tangible and intangible, of every kind and description, and all the rights, privileges, immunities, powers, purposes, franchises, licenses and authority of OLS shall vest in PMC as the surviving corporation, and all debts, liabilities, obligations, restrictions and duties of OLS shall become the debts, liabilities, obligations, restrictions and duties of PMC as the surviving corporation. Neither the rights of creditors nor any liens upon, or security interests in, the property of either PMC or OLS shall be impaired by the Merger. The separate existence of OLS shall cease at the Effective Time in accordance with the laws of the State of Delaware.

3.      Governing Documents.

(a)     Certificate of Incorporation. The Certificate of Incorporation of PMC as in force and effect at the Effective Time shall be the Certificate of Incorporation of the surviving corporation and shall continue in full force and effect until amended in the manner prescribed therein or by the New Jersey Business Corporation Act.

(b)     Bylaws. The Bylaws of PMC as in force and effect at the Effective Time shall be the Bylaws of the surviving corporation and shall continue in full force and effect until amended in the manner prescribed therein or by the New Jersey Business Corporation Act.

4.      Directors and Officers.    The directors and officers of the surviving corporation in office at the Effective Time shall be the members of the first Board of Directors and the first officers of the surviving corporation, all of whom shall hold their directorships and offices until the election and qualification of their respective successors or until their tenure is otherwise terminated in accordance with the bylaws of the surviving corporation

5.      OLS Membership Interests.    The outstanding and existing limited liability company interests in OLS shall, at the Effective Time, be cancelled and retired and cease to exist, and no consideration shall be delivered in exchange therefor.

6.      PMC Shares. The issued and outstanding shares of capital stock of PMC shall not be converted or exchanged in any manner, or be entitled to the payment or delivery of any consideration in exchange therefor, but each said share which is issued and outstanding as of the Effective Time shall continue to represent one issued and outstanding share of the surviving corporation.

7.      Miscellaneous.

(a)     Assignment; Binding Effect.    This Merger Agreement and the rights and obligations of the Parties hereunder may not be assigned by either Party without the prior written consent of the other Party hereto. This Merger Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors, heirs, executors, administrators, legal representatives and assigns.

(b)     Amendment; Waiver. Prior to the Effective Time, any amendment hereto shall be effective only if signed by all Parties hereto. No waiver of any provisions of this Merger Agreement shall be valid unless in writing and signed by the party against whom enforcement is sought.

(c)     Governing Law. This Merger Agreement, the rights and obligations of the Parties hereto, and any claims or disputes relating thereto, shall be governed by and construed in accordance with the laws of the State of New Jersey, regardless of the laws that might otherwise govern under applicable principles of conflicts of laws thereof.

(d)     Tax-Treatment. In accordance with the OMS-PMC Plan of Reorganization, the Parties hereby agree that the Merger is intended to be and will be treated as by both Parties as a tax-free reorganization under section 368(a)(1) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.

(e)     Severability. In the event that any provision of this Merger Agreement shall be invalid or unenforceable in any respect, such provision shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining provisions of this Agreement.

2

(f)     <u>Further Assurances</u>.  The Board of Managers and proper officers of OLS and the Board of Directors and proper officers of PMC are hereby authorized, empowered, and directed to do any and all acts and things, and to make, execute, deliver, file and/or record any and all instruments, papers, and documents which shall be or become necessary, proper, or convenient to carry out or put into effect any of the provisions of this Merger Agreement or of the Merger herein provided for.

(g)     <u>Counterparts</u>.  This Merger Agreement may be executed by the Parties hereto in counterparts (including by facsimile or PDF), each of which when so executed and delivered will be deemed an original and all of which shall constitute one and the same instrument.  Signatures delivered by facsimile or other electronic transmission (such as e-mail in PDF format) shall have the same force and effect as manual signatures delivered in person.

(h)     <u>Recordkeeping</u>.  PMC shall maintain this Merger Agreement on file at the its principal place of business.  PMC shall furnish a copy of this Merger Agreement, on request and without cost, to any member of OLS in accordance with the Delaware Limited Liability Company Act.

(i)     <u>Termination</u>.  This Merger Agreement may be terminated and the Merger may be abandoned at any time prior to the Effective Time by action of either party hereto. If this Merger Agreement is terminated pursuant to this <u>Section 7(i)</u>, this Agreement shall become void and of no effect with no liability on the part of either Party hereto.

*[Signature Page Follows]*

3

IN WITNESS WHEREOF, the Parties have executed this Merger Agreement as of the date first above written.

OCWEN LOAN SERVICING, LLC,
a Delaware limited liability company

By: _____
Name:    Arthur C. Walker, Jr.
Title:    Senior Vice President

Signed in: _St. Croix, USVI_

PHH MORTGAGE CORPORATION,
a New Jersey corporation

By: _____
Name:    Leah E. Hutton
Title:    Assistant Secretary

Signed in: _St. Croix, USVI_

*Execution Version*

## AMENDMENT AGREEMENT TO "AGREEMENT AND PLAN OF MERGER"

THIS AMENDMENT AGREEMENT (the "*Amendment Agreement*") is entered into as of May 29, 2019 by and between Ocwen Loan Servicing, LLC, a Delaware limited liability company ("*OLS*"), and PHH Mortgage Corporation, a New Jersey corporation ("*PMC*"). OLS and PMC are collectively referred to herein as the "*Parties*" and each, individually, as a "*Party*."

### WITNESSETH:

WHEREAS, OLS and PMC have previously entered into an Agreement and Plan of Merger dated May 2, 2019 to be effective the later of (A) 12:01 a.m. Eastern Time on June 1, 2019, or (B) upon the filing of the applicable Certificate of Merger with the Secretary of State of the State of Delaware and the applicable Certificate of Merger with the New Jersey Division of Revenue;

WHEREAS, the Parties have both adopted the OMS-PMC Plan of Reorganization and intend for this Merger to occur pursuant to the overall Transactions laid out in the OMS-PMC Plan of Reorganization, that, when taken together, are intended to be and will be treated as a tax-free reorganization under section 368(a)(1) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder; and

WHEREAS, OLS and PMC have each determined that it is advisable and in the best interests of said entities that the following the terms and conditions of be included in the Merger Agreement.

NOW, THEREFORE, BE IT RESOLVED, in consideration of the mutual agreements and covenants set forth herein, OLS and PMC hereby agree to add the following terms to section 7 of the May 2, 2019 Agreement and Plan of Merger as follows:

(j) <u>Title Passage</u>. Title to all assets and liabilities transferred in this Agreement, whether directly or indirectly, shall be deemed and treated by both parties to pass in the United States Virgin Islands.

(k) <u>US Tax Treatment and Timing of Deemed Shares</u>. The Agreement does not contemplate any actual transfer of stock between the Parties, but shares may be deemed to be issued for U.S. Federal income tax purposes. For the avoidance of any doubt, both parties agree and will treat any shares that are deemed to be issued to be distributed and/or contributed (in any additional deemed transactions) as of the Effective Time (as defined herein) to result in the deemed ownership of shares to be consistent with actual ownership as of the Effective Time.

FURTHER RESOLVED, all other terms of the Merger Agreement, including the Effective Time, are hereby expressly affirmed.

*[Signature Page Follows]*

**IN WITNESS WHEREOF,** the Parties have executed this Amendment Agreement as of the date first above written.

OCWEN LOAN SERVICING, LLC,

a Delaware limited liability company

By: _____

Name:    Arthur C. Walker, Jr.

Title:    Senior Vice President

Signed in: _____

PHH MORTGAGE CORPORATION,

a New Jersey corporation

By: _____

Name:    John P. Kim

Title:    Vice President, Capital Markets

Signed in: _____

2